Linda S. Fossi, Esq. (ID #1720)
DEILY, MOONEY & GLASTETTER, LLP
One Greentree Centre, Suite 201
Marlton, NJ 08053
(856) 988-5555
Attorneys for Creditor, DCFS Trust

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
HONORABLE Donald H. Steckroth
CASE NO. 05-21734-DHS

Chapter 7

In the Matter of:

GWENDOLYN TAYLOR DBA PRO IMAGE,

Debtor.

**CERTIFICATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)(1)**

DCFS Trust, by its counsel, DEILY, MOONEY & GLASTETTER, LLP as and for a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. Section 362(d)(1), or, in the alternative, for adequate protection, states the following as grounds therefor:

1.  On April 12, 2005, the debtor, above named, filed a voluntary petition in Bankruptcy under Title 11, Chapter 7, U.S.C., in the United States Bankruptcy Court, for the District of New Jersey.

2.  The Court has jurisdiction to entertain this motion under 28 U.S.C. Section 157.

3.  DCFS Trust (hereinafter "DCFS Trust") is the record owner of one (1) 2003 Jeep Grand Cherokee (hereinafter "vehicle") (V.I.N. 1J4GW48S33C544774).  A copy of the Certificate of Title is annexed hereto as Exhibit "A" and made a part hereof.

4.  Pursuant to 11 U.S.C. Section 362, upon the commencement of the instant bankruptcy case, DCFS Trust is stayed from taking any action against the debtor to obtain possession of the leased property.

5.  On October 5, 2002, Franklin Sussex Auto Mall, Inc. (hereinafter "dealer"), as lessor and the debtor, as lessee, entered into a Retail Lease Agreement (hereinafter "Lease") pursuant to which the debtor

leased the vehicle from the dealer at the rate of $458.68 per month for a term of thirty-nine (39) months, commencing on October 5, 2002.  A copy of the Retail Lease Agreement is also annexed hereto as Exhibit "A" and made a part hereof.

6. Pursuant to the terms and provisions thereof, and for good and valuable consideration, the Lease was duly assigned by the dealer to DCFS Trust, which is now the holder and owner of same.  As of April 18, 2005, the debtor was in default of the payment obligations to DCFS Trust pursuant to the terms and conditions of the Lease Agreement, as follows:

   a. Gross balance due:      $5,472.64
      Net balance due:        $20,430.93
         which includes
            late charges:     $517.76

   b. Pre-petition arrears:  monthly payment of $458.68 for the months of January, 2005 through April, 2005, together with contractual late charges.

   c. Date of Last Payment Received:     January 14, 2005
      Amount of Last Payment Received:   $460.00

(**NOTE:**  The foregoing does not represent any amounts which may be due for costs and attorneys' fees as may be allowed by the Court.)

7. DCFS Trust has ascertained that the wholesale value of the vehicle is SIXTEEN THOUSAND and 00/100 ($16,000.00) and that the retail value of its security is EIGHTEEN THOUSAND SEVEN HUNDRED FIFTY and 00/100 ($18,750.00) DOLLARS based on NADA Used Car Guide's estimated value of the vehicle in average condition.  Upon information and belief, there does not exist any other encumbrance affecting the property.  There is no other property securing the indebtedness.

8. Pursuant to the terms and conditions of the Lease Agreement, upon the failure of the Lessee to cure any default thereunder, which include non-payment of rental charges, DCFS Trust is entitled to immediate possession of the vehicle.

9. Upon information and belief, the debtor continues to enjoy the use and possession of the leased property.

10. It is respectfully asserted that DCFS Trust's interest in the vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

11. Accordingly, sufficient cause exists to grant DCFS Trust relief from the automatic stay herein, which includes, but is not limited to, the following:

a. The debtor is in default under the terms and provisions of the Lease Agreement by, among other things, failing to make the monthly payments due thereunder;

b. The ownership interests of DCFS Trust with respect to the vehicle are not adequately protected as envisioned under 11 U.S.C. Section 361;

c. The vehicle is not necessary for an effective reorganization of a bankruptcy estate; and

d. The vehicle, by it intrinsic nature, is mobile, thereby subject to the foreseeable possibility of injury thereto by way of accident or collision.

12. It is respectfully submitted that DCFS Trust is in a more advantageous position to obtain an optimum price for the sale of the vehicle, thereby increasing the possibility of avoiding a deficiency balance on this account, thereby removing such creditor as a potential unsecured claimant in this case.

13. Alternatively, in the event relief from automatic stay is not granted, then DCFS Trust respectfully requests that the Court compel the debtor to immediately provide adequate protection to such creditor by, among other things:

(a) curing any default of payment obligations arising pursuant to the terms and conditions of the Retail Lease Agreement;

(b) continuing to make payment in timely fashion thereunder,

(c) maintaining adequate and continuous insurance coverage on the vehicle;

(d) providing DCFS Trust with adequate assurance of future performance, in the event the Lease is to be assumed by the debtor; and

(e) providing such other adequate protection as the Court may deem proper.

14. In the event this request for adequate protection is granted, then DCFS Trust respectfully requests that it be entitled to the immediate possession of the leased property without further Court proceedings in the event of default by the debtor under any provisions for adequate protection which may be awarded herein.

15. No prior application for the relief requested herein has been made.

WHEREFORE, DCFS Trust respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. Section 362 (a) granting DCFS Trust relief from automatic stay in order to obtain possession and dispose of its property, or, in the alternative, (b) directing the debtor to provide for the adequate protection of the security interest of DCFS Trust as hereinabove requested, and for such other and further relief as to the Court may seem just and proper.

DATED:	April 18, 2005

                                                     DCFS TRUST
                                                     By Its Counsel

                                                   \s\ Linda S. Fossi
                                                   Linda S. Fossi, Esq.
                                                   DEILY, MOONEY & GLASTETTER, LLP
                                                   One Greentree Centre, Suite 201
                                                   Marlton, NJ 08053
                                                   Tel (856) 988-5555

05.02853